———o———

## Mary Harris v. Alexander Smith et al.

*Deed will not be set aside without a strong showing.*

A bill to set aside a deed which conveyed certain lands and a mortgage, on the ground that complainant had not examined it and did not know that it was a deed when she signed it, but was led to believe that it was a formal instrument for dividing certain personal property, was dismissed on her own showing that she had seen that it contained a description of land and reference to a mortgage.

Appeal from Washtenaw. Submitted January 15. Decided April 9.

BILL to set aside a deed. Complainant appeals.

*A. J. Sawyer* for complainant. A grantor seeking to set aside his deed must show that it ought not to have effect according to its tenor, *Ford v. Irwin*, 18 Cal., 117; *Hogarty v. Lynch*, 6 Bosw., 138; strong evidence is needed to change its character, as to show that a deed absolute was meant for a mortgage, *Magnusson v. Johnson*, 73 Ill., 155; *Smith v. Cremer*, 71 Ill., 185; *Price v. Karnes*, 59 Ill., 276; *Taintor v. Keys*, 43 Ill., 332; *Parmelee v. Lawrence*, 44 Ill., 405; *Blackwell v. Overby*, 6 Ired. Eq., 38; *Kelly v. Bryan*, ib., 283; *Franklin v. Roberts*, 2 Ired. Eq., 560; *Jones v. Brittan*, 1 Wood, 667; *Bingham v. Thompson*, 4 Nev., 224; *Cornwell v. Evill*, 4 Blackf., 67; *Williams v. Stratton*, 18 Miss., 418; *Moore v. Ivey*, 8 Ired. Eq., 192; *Arnold v. Mattison*, 3 Rich. Eq. (S. C.), 153; *Williams v. Cheatham*, 19 Ark., 278; *Cook v. Gudger*, 2 Jones' Eq., 172; *Bryan v. Cowart*, 21 Ala., 92; *Van Wert v. Chidester*, 31 Mich., 207.

*D. Cramer* for defendants. A deed will not be set aside on a mere pretense that the grantor misunderstood its import, *Hourtienne v. Schnoor*, 33 Mich., 274; *Vary v. Shea*, 36 Mich., 388; clear proof is needed to make out such fraud or mistake in giving a written instrument as to authorize equitable interference, *Adair v. Adair*, 5 Mich., 209; mistake as to the legal effect of an instrument is not ground of equitable relief, *Martin v. Hamlin*, 18 Mich., 354.

COOLEY, J. The complainant files her bill to set aside as having been obtained by fraud a conveyance by herself as one of the heirs at law and distributees of Hannah Smith deceased, of her interest in two certain lots in the village of Milan in the county of Washtenaw, and also in a certain mortgage for $250 on lands in Dundee in Monroe county. The deed was given to Kezia Smith, wife of Alexander, and was also executed by Martha Pickell and Delia McCafferty, who with Alexander Smith

constituted the other heirs of Hannah Smith who was their mother. The case made by the bill is that Alexander Smith invited herself and the other heirs to meet at his house, where the mother had resided immediately previous to her death, and there, under the pretense that it was a writing merely dividing the mother's household goods, wearing apparel and ornaments, and was necessary to save the necessity of their being sold at auction, had procured the execution by them of the deed in dispute. Complainant avers that Alexander Smith excused his not signing the deed by saying he did not want any of the things that were to be divided; that she at first refused to sign, but was told her signature was necessary to a division; and that she finally signed it, not knowing what was in it, and supposing it was a mere form to save the goods from being sold at auction, and that not one word was said to her about the paper being a deed, and that she did not discover the fact until some time afterwards when she examined the deed in the register's office.

This is complainant's case; and as the deed is witnessed and acknowledged in due form, a serious burden was obviously laid upon her when she undertook to show that it was signed as a mere form, and without any knowledge or suspicion that it was a deed.

An examination of the evidence introduced by complainant shows that her case is not sustained. By her own testimony it appears that she looked at the deed so far as to notice a description of land in it, and that she inquired what this meant and was told that it was a mortgage running for the mother's support while she lived, and then belonged to Alexander Smith. A son of complainant, called by her as a witness, testified to the same facts. It appears, then, beyond dispute, that complainant did know at the time that the paper she executed was not a mere form for dividing the goods; that she did make some examination of it, and saw that a description of land and a mortgage were mentioned in

it. Her case, then, which rests upon her not having examined the paper at all, must fail.

Under the circumstances, a further examination of the case on the evidence is not necessary, but it may not be unimportant to say that defendant Alexander Smith makes a strong showing of equities which should entitle him to have the deed executed by the other heirs, and that the officer who took the acknowledgment of the deed and the person who witnessed it both testify that it was read to complainant.

The decree should be affirmed with costs.

MARSTON and GRAVES, JJ., concurred.

CAMPBELL, C. J. (dissenting). I think complainant is entitled to relief. But inasmuch as the case involves nothing but facts, I do not think it necessary to discuss them at length. Complainant has, I think, shown that she did not know the contents of the deed she executed. No doubt a strong case should be made out to avoid a paper which a person has had the means of understanding. But I think in the present case, where the whole matter was a family arrangement, complainant could not be held to the same diligence as in other cases, and was justified in resting on what she was given to understand by those with whom she dealt. It seems to me the arrangement was not one which she would have made if she had known what she had a right to know, and that the deed was a fraud against her.